JUSTICE RICE,
concurring.
¶21 I disagree that the coordination of benefits provision constitutes subrogation, see Opinion, ¶ 14, for the reasons set forth in my dissenting opinion in Blue Cross regarding the exclusion clause there at issue. See Blue Cross, ¶¶ 22-30 (Rice, J., dissenting). Specifically:
[Sjubrogation arises only when there is a ‘substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor.’ Thayer [a. Uninsured Employers’ Fund, 1999 MT 304, ¶ 17, 297 Mont. 179, 991 P.2d 447 (citation omitted)]. Here, subrogation never occurs because BCBS lacks any authority to substitute itself for the insured. BCBS has merely used the freedom of contract to exclude any coverage and thereby refuse to assume a risk. The provisions are clear and unambiguous: under the proposed policy, BCBS would be contracting with a customer for a single recovery, and basing the customer’s premium thereon.
Blue Cross, ¶ 27. Again, another decision by this Court must be counted among the factors driving up the cost of health insurance, as the Court continues to ignore the design and structure of the insurance contract, and the premium upon which the contract was based, to redefine the subject provision as subrogation. This decision will have the effect of invalidating any number of additional setoffs and provisions by which the insurer avoids making double payments to providers of medical services. Premiums will have to be increased accordingly to account for the increased costs of payouts occasioned by this decision and by the additional setoffs that may be invalidated under this decision.
¶22 My dissenting opinion in Diaz I criticized the Court for issuing a ‘hidden holding,”noting that the Court’s discussion swept beyond the stated issue and leaped to a conclusion that the State was an ‘insurer,” without so much as addressing the parties’ arguments on that issue or even acknowledging that there were any arguments on the issue. Diaz I, ¶ 59 (Rice, J., dissenting). Now, the Court does it again by simply *400 saying that this issue was already decided in Diaz I. See Opinion, ¶ 16. While I don’t disagree that the issue was there decided, it remains an improper holding that resolves the case arbitrarily, without appropriate analysis of the legal arguments.
¶23 I made these arguments in the cited prior cases and lost the arguments each time. Because those holdings are now the governing authority, and only for that reason, I concur in the outcome the Court has ordered herein, and have signed the opinion.
JUSTICE McKINNON joins in the concurring Opinion of JUSTICE RICE.